**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS DAGOBERTO RIVAS, | No.   17-55182 |
| Petitioner-Appellant, | D.C. No. 8:16-cv-00307-JVS-JPR |
| v. | |
| SHERMAN SPEARMAN, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted August 6, 2018
Pasadena, California

Before:  CLIFTON and CALLAHAN, Circuit Judges, and HOYT,[**] District Judge.

Officer Daniel Carrillo (Carrillo) interviewed Carlos Dagoberto Rivas

(Rivas) at his home, arrested him, and then interviewed him again at the jail.  Rivas

confessed to the allegations the victim had leveled against him.  An Orange County

Superior Court (Superior Court) jury convicted Rivas of three counts of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Kenneth M. Hoyt, United States District Judge for the Southern District of Texas, sitting by designation.

committing lewd acts on a child under age 14, one of those counts involving force. The California Court of Appeal, Fourth Appellate District (Court of Appeal), affirmed his conviction. After his direct appeals failed, Rivas petitioned the district court for habeas corpus relief claiming, among other things, a violation of his Fifth Amendment privilege against self-incrimination. *See Miranda v. Arizona*, 384 U.S. 436 (1966). Evaluating Rivas' *Miranda* claim under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d), the district court denied his petition. We affirm.[1]

AEDPA provides that a federal court may not grant a petitioner's habeas corpus application "with respect to any claim that was adjudicated on the merits in State court proceedings," unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The *Miranda* warnings must reasonably convey to a suspect his rights, including the right to remain silent and the consequences of relinquishing it. *Duckworth v. Eagan*, 492 U.S. 195, 203 (1989). They must also be "sufficiently

---

[1] As the parties are familiar with the facts and procedural history, we restate them only as necessary to explain our decision.

2

comprehensive and comprehensible when given a commonsense reading." *Florida v. Powell*, 559 U.S. 50, 63 (2010). "If the State establishes that [the] *Miranda* warning[s] [were] given" and were "understood by the accused," then the "accused's uncoerced statement," so long as it was voluntary, knowing, and intelligent, "establishes an implied waiver." *Berghuis v. Thompkins*, 560 U.S. 370, 384 (2010).

To obtain relief, Rivas must show that his waiver was not knowing, voluntary, and intelligent. He contends that Carrillo's warnings were incomprehensible to him and that the Court of Appeal's contrary determination was unreasonable. We, however, find sufficient evidence in the record supporting the Court of Appeal's decision because: (1) Rivas did not have substantial difficulty understanding Carrillo; (2) Carrillo's informing Rivas of "the right not to say anything" was the equivalent of informing him of his right to remain silent; (3) Carrillo had also instructed Rivas that he should seek a clarification if he was confused about any aspect of the warnings; (4) Rivas has failed to establish that Carrillo's Spanish was incomprehensible to him; and (5) Rivas suffered from no apparent impediment that would have put a reasonable officer on notice that Rivas did not understand the *Miranda* warnings. In sum, Carrillo informed Rivas of his *Miranda* rights, and Rivas freely and deliberately chose to speak to Carrillo. Rivas

knew that in speaking, he was relinquishing certain rights, with important consequences.

Viewed through AEDPA's deferential prism, *see Cullen v. Pinholster*, 563 U.S. 170, 181 (2011), the Court of Appeal's decision was consistent with, and not unreasonable as to its application of, United States Supreme Court precedent. Similarly, the Court of Appeal's factual findings were reasonable. Accordingly, the district court's judgment denying habeas relief to Rivas is **AFFIRMED**.